UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MILLER,<br><br>                Plaintiff,<br>    v.<br>UNITED STATES OF AMERICA, and DOES 1-25,<br><br>                Defendants. | Case No. 3:17-cv-00121-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

Before the Court are Defendant United States of America's Motion to Dismiss (ECF No. 9) and Plaintiff John Miller's Motion for Leave to File First Amended Complaint ("Motion to Amend") (ECF No. 24). The Court has reviewed the parties' responses and replies (ECF Nos. 10, 11, 26, 28). For the following reasons, the Court denies the Motion to Amend without prejudice and with leave to file a second amended complaint, rendering moot the United States' Motion to Dismiss.

**II.    BACKGROUND**

Plaintiff filed a Complaint against the United States under the Federal Tort Claims Act ("FTCA") on February 24, 2017, based on allegations that he was wrongfully terminated by the Bureau of Indian Affairs, an agency within the Department of the Interior. (ECF No. 1 at 7.) Plaintiff moved to amend his Complaint (ECF No. 24) after the United States moved to dismiss it (ECF No. 9). Plaintiff's initial Complaint did not expressly set out specific causes of action. (*See* ECF No. 1) Plaintiff's proposed First Amended

Complaint ("FAC") contains five express causes of action: (1) wrongful termination by breach of employment contract under the FTCA; (2) wrongful termination by retaliatory discharge under the FTCA; (3) wrongful termination in bad faith under the FTCA; (4) wrongful termination/tortious discharge under the FTCA; and (5) breach of contract. (ECF No. 24-1.)

### III. LEGAL STANDARD

Rule 16 of the Federal Rules of Civil Procedure requires a court to enter a scheduling order that sets a time limit for amendments to pleadings. When a party seeks leave to amend after the deadline for amendment has expired, Rule 16 requires a showing of "good cause" for the late amendment.[1] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).

If a party satisfies Rule 16, the party must also comply with Rule 15, which allows amendment only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). Nonetheless, courts may deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). A party opposing amendment bears the burden of showing prejudice. *Id.* at 187.

///

---

[1] LR 26-4 also requires a showing of excusable neglect for requests to amend made after the deadline established in the scheduling order has expired.

## IV. DISCUSSION

The United States opposes Plaintiff's Motion to Amend only on the ground that such amendment would be futile. The Court evaluates the futility of Plaintiff's second and fourth claims, then turns to the futility of Plaintiff's first, third, and fifth claims.[2]

### A. Second and Fourth Claims

Plaintiff's second and fourth claims are for retaliatory and tortious discharge. (ECF No. 24-1 at 15, 18.) The United States first argues that amendment would be futile because Plaintiff failed to exhaust his administrative remedies with respect to these claims. (ECF No. 26 at 7.) The United States further argues that amendment would be futile because Plaintiff's proposed FAC fails to state claims for retaliatory and tortious discharge. (*Id.* at 8-9.)

#### 1. Exhaustion

A plaintiff seeking to sue the United States under the FTCA must submit an administrative claim to the relevant federal agency for review before filing suit. *See* 28 U.S.C. § 2675(a). "The administrative claim need not be detailed; rather, 'a skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices.'" *S.H. by Holt v. United States*, 853 F.3d 1056, 1063-64 (9th Cir. 2017) (Graber, J., concurring) (quoting *Avery v. United States*, 680 F.2d 608, 610 (9th Cir. 1982)). The administrative claim exhausts only those claims which it encompasses—those that "relate to the same core set of facts." *Id.*

The United States argues that Plaintiff's "retaliatory and tortious discharge claims fall outside the scope of the administrative claim that Plaintiff submitted to the agency." (ECF No. 26 at 8.) The Court disagrees because Plaintiff's administrative claim included facts giving rise to both claims. Under Nevada law, "[a] tortious discharge may arise . . . when . . . the employer terminates an employee for reasons which violate public

---

[2]The United States also argues that some of the remedies Plaintiff seeks—punitive damages and prejudgment interest—are not available in cases against the United States. (ECF No. 26 at 9 (citing 28 U.S.C. § 2674).) This argument does not demonstrate complete futility—just that part of the requested relief cannot be granted.

3

policy or the discharge is in retaliation for the employee's actions that 'are consistent with or supportive of sound public policy and the common good.'" *Jackson v. Universal Health Servs., Inc.*, No. 2:13-cv-01666-GMN-NJK, 2014 WL 4635873, at *4 (D. Nev. Sept. 15, 2014) (quoting *D'Angelo v. Gardner*, 107 Nev. 704, 718 (Nev. 1991)). Plaintiff essentially alleges in the administrative claim that he was terminated for being a victim of identity theft. (*See* ECF No. 24-17 at 2, 4.) Termination under such circumstances could violate a public policy of protecting individuals from the effects of crime.[3] Regarding retaliation, Plaintiff alleges in his administrative claim that he reported workplace harassment and was subsequently terminated. (*See id.*) It is reasonable to infer from Plaintiff's administrative claim that his termination constituted retaliation, particularly when his termination was allegedly based on a wrong he did not commit.

Accordingly, the Court finds that Plaintiff's administrative claim encompasses retaliatory and tortious discharge claims.

### 2. Adequacy of Pleading

The United States makes two arguments that Plaintiff's proposed FAC fails to state claims for retaliatory and tortious discharge. First, the United States argues that Plaintiff must have reported his employer's conduct to someone other than his employer to state a claim for tortious discharge. (ECF No. 26 at 8.) This rule, however, belongs to the whistleblower cases the United States cites. (See ECF No. 26 at 8 (citing *Jackson*, 2014 WL 4635873, at *5; *Wiltsie v. Baby Grand Corp.*, 105 Nev. 291, 293 (Nev. 1989); *Whiting v. Maxim Healthcare Servs., Inc.*, No. 56432, 2012 WL 4051184, at *1 (Nev. Sept. 13, 2012)).) Unlike a whistleblower, Plaintiff need not establish that he publicly exposed his employer's misconduct to prevail on his tortious discharge claim.

The United States further argues that Plaintiff has not alleged outrageous conduct in violation of public policy. (*Id.*) Plaintiff's proposed FAC does not specifically identify what

///

---

[3]Thus, the Court rejects the United States' argument that amendment would be futile on the ground that the public policy at issue relates to the United States' contractual obligations. (*See* ECF No. 26 at 8.)

4

public policy was violated. (*See* ECF No. 28 at 8-9; *see also* ECF No. 24-1.) Therefore, the proposed FAC would be subject to dismissal for failing to give the United States sufficient notice of Plaintiff's tortious discharge claim under the pleading standards in *Iqbal* and *Twombly*. *Jackson*, 2014 WL 4635873, at *5 (dismissing claim for tortious discharge in part because the plaintiff failed to identify what public policy had been violated).

Accordingly, the Court finds that the proposed FAC fails to state a claim as to the second and fourth claims (for retaliatory and tortious discharge) because Plaintiff has not identified what public policy was violated. However, the Court will grant Plaintiff leave to amend to the extent he is able to allege the Nevada public policy that was purportedly violated.

**B.   First, Third, and Fifth Claims**

Plaintiff's first, third, and fifth claims are for wrongful termination by breach of employment contract, wrongful termination in bad faith, and breach of contract. (ECF No. 24-1 at 12, 17, 20.) The United States argues that these claims sound in contract, not tort, placing them outside this Court's jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491. (*See* ECF No. 26 at 3.) Contract claims against the United States exceeding $10,000 must be heard in the Court of Federal Claims under the Tucker Act, while tort claims against the United States must be heard by the district courts under the Federal Tort Claims Act, 28 U.S.C. § 1346. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989); *Woodbury v. United States*, 313 F.2d 291, 295 (9th Cir. 1963). "The issue of contract versus tort . . . cannot be dictated by the manner in which plaintiffs draft their complaint." *Love*, 915 F.2d at 1249 (Carroll, J., dissenting in part and concurring in part).

Plaintiff's first and fifth claims—both breach of contract claims—obviously sound in contract. Thus, the Court would lack jurisdiction to hear them under the Tucker Act. Plaintiff argues that this Court has supplemental jurisdiction over his contractual claims (ECF No. 28 at 4), but this is not so. *Olson v. United States*, No. 1:14-CV-3166-TOR, 2015 WL 1865589, at *7 (E.D. Wash. Apr. 23, 2015) ("A district court may only exercise jurisdiction over a contract claim if it has an independent statutory grant to hear the contract claim,

not simply jurisdiction to hear any other claim brought by the same plaintiff against the same defendant(s). . . . The FTCA does not grant independent statutory jurisdiction over contract claims.").

Plaintiff's third claim—for wrongful termination in bad faith—is not clearly a contract or tort claim. The Nevada Supreme Court has treated it as a tort claim, but it is predicated on the existence of a contractual right of continued employment. *See D'Angelo*, 107 Nev. at 712 ("This tort is committed when an employer, acting in bad faith, discharges an employee who has established contractual rights of continued employment and who has developed a relationship of trust, reliance and dependency with the employer."). Neither party has addressed this issue in detail, and the allegations in the proposed FAC are not clear. Accordingly, in an effort to facilitate a decision on the merits rather than on the pleadings or technicalities, *DCD Programs, Ltd.*, 833 F.2d at 186, the Court assumes for the purposes of this motion that Plaintiff may be able to state a claim for wrongful termination in bad faith.

The Court will therefore deny Plaintiff's Motion to Amend. Denial is without prejudice and with leave to file a second amended complaint but only with respect to Plaintiff's second, third and fourth claims for relief.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's Motion to Amend (ECF No. 24) is denied. Denial is without prejudice and with leave to file a second amended complaint to state claims asserted in his second, third and fourth claims for relief to address the deficiencies identified in this Order.

///

///

It is further ordered that the United States' Motion to Dismiss (ECF No. 9) is denied as moot.

DATED THIS 15th day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE