UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN MILLER, | Case No. 3:17-cv-00121-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**I. SUMMARY**

Plaintiff John Miller sued Defendant the United States of America for wrongful termination from his employment as a police officer with the Reno-Sparks Indian Colony ("the Tribe"). Before the Court are Defendant's motion to dismiss ("Motion") (ECF No. 39) and Plaintiff's motion for leave to file a proposed third amended Complaint ("TAC") ("Motion to Amend") (ECF No. 57).[1] Because the Court lacks subject matter jurisdiction over Plaintiff's case, and as explained below, the Court will grant Defendant's Motion. The Court will also deny Plaintiff's Motion to Amend because his proposed TAC (ECF No. 57-1) does not cure his case's jurisdictional defects.

**II. BACKGROUND**

Plaintiff filed a Complaint against Defendant under the Federal Tort Claims Act ("FTCA") based on allegations that he was wrongfully terminated by the Tribe. (ECF No. 1.) Plaintiff moved to amend his Complaint (ECF No. 24) in response to the United States' motion to dismiss it (ECF No. 9). The Court denied Plaintiff's first motion to amend without prejudice because his proposed first amended Complaint ("FAC") contained certain deficiencies. (ECF No. 29 at 3-6.) The Court also granted Plaintiff leave to file a second

---

[1]The Court has also reviewed the parties' responses and replies (ECF Nos. 44, 51, 60, 63).

amended Complaint ("SAC"), and denied Defendant's initial motion to dismiss as moot. (*Id.* at 6.) Plaintiff then filed a SAC. (ECF No. 32.) Next, Defendant moved to dismiss the SAC—Defendant's Motion. (ECF No. 39.) Before the Court ruled on Defendant's Motion, Plaintiff filed the Motion to Amend. (ECF No. 57.) Plaintiff attached a proposed TAC to his Motion to Amend. (ECF No. 57-1.) In opposing Plaintiff's Motion to Amend, Defendant argues, *inter alia*, that the TAC fails—to establish subject matter jurisdiction or state a claim—for many of the same reasons that the SAC allegedly fails. (ECF No. 60 at 8-10.)

Plaintiff's claims against Defendant change somewhat between the SAC and the proposed TAC because Plaintiff obtained additional evidence of Defendant's alleged wrongdoing. In the SAC, Plaintiff alleges the following causes of action: (1) wrongful termination by retaliatory discharge under the FTCA; (2) wrongful termination in bad faith under the FTCA; and (3) wrongful termination/tortious discharge under the FTCA. (ECF No. 32 at 10-18.) In the proposed TAC, Plaintiff alleges the same three causes of action as in the SAC, plus causes of action for negligence and gross negligence under the FTCA. (ECF No. 57-1 at 12-22.) The claimed reason for these additions follows.

The Tribe said in a termination letter that it fired Plaintiff because he submitted an unemployment claim while employed by the Tribe. (ECF No. 32-8 at 2.) Plaintiff responds that the Tribe wrongfully terminated him because he was the victim of identity theft— someone else applied for unemployment benefits in his name. (ECF No. 57-1 at 9-11.) Plaintiff further explains that he seeks to add the negligence causes of action under the FTCA to his proposed TAC because he learned after filing his SAC that someone at the applicable Nevada state agency called the Tribe and told them Plaintiff was the victim of identity theft regarding the unemployment benefits claim after Plaintiff was fired, but while he was appealing his termination. (ECF No. 57 at 2-4.)

Other factual elements of Plaintiff's claims remain consistent from his Complaint through his proposed TAC. Plaintiff worked for the Tribe as a police officer. (ECF No. 57-1 at 3.) Plaintiff, who is white, generally alleges that he was harassed by his supervisor because of his "race, sex, perceived sexual orientation, and temporary physical

disabilities." (*Id.* at 8.) For example, his supervisor allegedly declined to give Plaintiff an undershirt he was distributing to other officers because he was "the wrong color of skin." (*Id.*; *see also id.* at 68.) Plaintiff's supervisor also allegedly repeatedly changed the background of his computer to display a pattern made up of the logo of the "Chicago L.G.P.A. Gay Officer's Action League." (*Id.* at 8.) Further, Plaintiff understood that he would only be a probationary employee for 90 days, but his supervisor gave him an untimely performance evaluation and extended that probationary period to one year because Plaintiff allegedly filled out reports incorrectly. (*Id.* at 8; *see also id.* at 75-77.)

Plaintiff unsuccessfully tried to remedy this harassment and alleges he was fired in retaliation for trying. He argues the Tribe's citation of his application for unemployment benefits that turned out to be false when it fired him was merely a pretext to conceal that the Tribe was firing him in retaliation for speaking out about his mistreatment. (*Id.* at 7-11.) Plaintiff complained about workplace discrimination and harassment by his supervisor to the Tribe's Chief of Police, but the Chief missed a meeting regarding Plaintiff's complaints and generally did not take them seriously. (*Id.* at 8.) Plaintiff also submitted a harassment claim to a Tribal Administrator, and unsuccessfully appealed his supervisor's decision to impose an extended probationary period. (*Id.* at 8-9.) Further, Plaintiff unsuccessfully appealed his termination, and alleges that the Tribe violated its own policies during the termination process. (*Id.* at 9-11.)

**III.   DISCUSSION**

Plaintiff sued Defendant rather than the Tribe because the Tribe manages its police force through a contract with the Bureau of Indian Affairs ("BIA") that designates Plaintiff's supervisor and the other tribal employees relevant to his claims as federal government employees for the limited purpose of FTCA liability. (*Id.* at 3-4.) However, this arrangement contributes to jurisdictional issues for Plaintiff that appear to leave him without a remedy for his alleged wrongful termination before this Court—regardless of the merits of his factual allegations. These jurisdictional issues are equally fatal to both his SAC and

proposed TAC.[2] Thus, the Court must grant Defendant's Motion and deny Plaintiff's Motion to Amend.

## A. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court is presumed to lack jurisdiction in a case unless the contrary affirmatively appears. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *See In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "Because subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and may be raised at any time and by any party." *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing Fed. R. Civ. P. 12(b)(1)).

## B. ANALYSIS

The Court will grant Defendant's Motion because Plaintiff's claims are barred under the FTCA's discretionary function exception. The Court therefore lacks subject matter jurisdiction over Plaintiff's case.

While Plaintiff's precise claims against Defendant have shifted during this case, his core allegation was and remains that he was wrongfully terminated from his employment as a tribal police officer. Further, Plaintiff sued Defendant, and would maintain suit in his TAC, entirely under the FTCA.

The FTCA removes the United States' sovereign immunity from suits in tort for "'injury or loss of property, or personal injury or death caused by the negligent or wrongful

---

[2] As noted, the claims in the proposed TAC are all based on the FTCA. *See* discussion *supra* Section II.

act or omission' of federal employees acting within the scope of their employment." *Levin v. United States*, 133 S. Ct. 1224, 1228 (2013) (quoting 28 U.S.C. § 1346(b)(1)). The result of the FTCA is that the United States is liable "'to the same extent as a private individual under like circumstances,' § 2674, under the law of the place where the tort occurred, § 1346(b)(1), subject to enumerated exceptions to the immunity waiver, §§ 2680(a)-(n)." *Id.*

The FTCA's exceptions include—as relevant here—the discretionary function exception. *See* 28 U.S.C. § 2680(a). Under this exception, the government is not liable for:

> "[a]ny claim based upon an act or omission of an employee of the Government exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, **or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused**."

*Id.* (emphasis added). There is a two-part test for determining whether the discretionary function exception applies: (1) whether the challenged actions involve any element of judgment or choice; and (2) whether that judgment is of the kind that the discretionary function exception was designed to shield. *See United States v. Gaubert*, 499 U.S. 315, 322–23 (1991). If the exception applies to a plaintiff's claims, the court must dismiss them for lack of jurisdiction. *See Vickers v. United States*, 228 F.3d 944, 949 (9th Cir. 2000).

Defendant has satisfied both parts of this test because the core decision from which all of Plaintiff's claims flow was the Tribe's decision to fire Plaintiff. "[D]ecisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield." *Id.* at 950; *see also Sydnes v. United States*, 523 F.3d 1179, 1187 (10th Cir. 2008) ("A federal agency's decision to terminate or request the termination of an employee involves an element of choice and is the kind of decision that implicates policy concerns relating to accomplishing the agency's mission. The plaintiffs' suit against the United States, however strong it may be on the merits, is therefore barred by the discretionary function exception to the FTCA . . ."); *Daly v. Dep't of Energy*, 741 F. Supp. 202, 206 (D. Colo. 1990) ("Employment

5

decisions are discretionary, within the meaning of the FTCA's discretionary function exception. Therefore they are not reviewable by litigation under the FTCA."); *Dahlstrom v. United States*, Case No. 16-cv-1874-RSL, 2018 WL 1046829, at *1-*2 (W.D. Wash. Feb. 26, 2018). Thus, the discretionary function exception to the FTCA applies here, rendering the Court without jurisdiction over Plaintiff's claims.

Plaintiff argues the discretionary function doctrine does not apply because the Tribe's discretion in deciding to fire him was constrained by mandatory BIA and Tribe procedures regarding employee termination that the Tribe did not follow. (ECF No. 44 at 13-15.) Defendant counters that the policies Plaintiff relies on do not dictate whether Plaintiff should be fired, but merely outline how the termination process should proceed. (ECF No. 51 at 5-6.) Thus, Defendant argues, the discretionary function exception applies. (*Id.*) The Court agrees with Defendant. Plaintiff has not pointed to any federal authority indicating that the Tribe did not retain full discretion over the ultimate decision of whether to fire him. *See Sydnes*, 523 F.3d at 1184 ("To overcome the discretionary function exception and thus have a chance of establishing a waiver of sovereign immunity, plaintiffs must show that the federal employee's discretion was limited by 'a *federal* statute, regulation, or policy[.]'") (citation omitted, emphasis in original); *see also Big Owl v. United States*, 961 F. Supp. 1304, 1308-09 (D.S.D. 1997) (determining that decision not to renew contract of tribal teacher fell within discretionary act exception even though school board did not follow the procedures outlined in its handbook); *see also Dahlstrom*, 2018 WL 1046829, at *2 (rejecting argument that sources including tribal employee handbook sufficiently constrained discretion to waive the government's immunity from suit).

In sum, the Court lacks subject matter jurisdiction over Plaintiff's FTCA claims as alleged in the SAC and the proposed TAC. Accordingly, the Court will grant Defendant's Motion and deny Plaintiff's Motion to Amend.

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines

that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 39) is granted. Because the Court lacks subject matter jurisdiction over it, Plaintiff's case is dismissed in its entirety without prejudice.

It is further ordered that Plaintiff's motion for leave to file a proposed third amended Complaint (ECF No. 57) is denied.

The Clerk is directed to enter judgment in accordance with this order and close this case.

DATED THIS 26th day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE